# CIRCUIT COURT OF BALTIMORE CITY.

Filed November 19, 1912.

ST. JOHN'S EVANGELICAL LUTHERAN CHURCH, ET AL.,
VS.
HENRY DIPPOLDSMAN, ET AL.

*Paul Johannsen* and *W. W. Powell* for exceptants.
*Frank Driscoll* for trustees.

BOND, J.—

The auditor's report of distribution of the fund arising from the sale of the property in these proceedings has been ratified except as to certain legacies. Now comes one Charlotte Hopp, of whom no mention has heretofore been made in these proceedings, and representing herself to be the widow of Frederick Hopp, the deceased owner of the property concerned, claims such an

allowance in the distribution as she may be entitled to receive as widow and only heir at law. Much of the property was held by the deceased in fee simple.

This claim is met with the production of docket entries and papers in a cause instituted in this court in 1896, by Frederick Wilhelm Hopp vs. Charlotte Hopp, his wife, praying a divorce a vinculo from her on the ground of her abandonment of the plaintiff more than three years previously. A final decree granting the divorce was entered June 4th, 1896. The bill in the divorce proceedings alleged that the plaintiff had married the defendant, born Charlotte Grustadt, at Danzig, Prussia, in 1880; that she had abandoned him in 1881, and that the plaintiff had come to this country and had resided in this jurisdiction for at least two years last past. It was also averred that the defendant was a non-resident of the state.

It appears that the bill as first written gave the place of marriage as "Stettin," and that word was scratched out and "Danzig" was inserted in its place. In the order of publication, as passed and as actually published, the place of marriage was given as "Stettin." The order, further, omitted the maiden name of the wife which was given in both the titling and the averments of the bill.

It is objected by the exceptant that this published notice was not sufficient to confer jurisdiction upon the court, that the divorce decree entered in pursuance of it was, therefore, a nullity, and that she continued the wife of the deceased Hopp, notwithstanding the decree, and is now entitled to her full rights as his widow. There are other objections to the divorce decree, but I have come to the conclusion that this one is the most important, and is sufficient to establish the nullity of that decree.

Upon the face of the divorce proceedings, as just stated, it appeared that the published notice of suit sent out a warning to Charlotte Hopp, of residence unknown, married in 1880, at Stettin, Prussia, to Friederick Wilhelm Hopp, now of Baltimore, Maryland. Charlotte Grustadt had married a man of that name at Danzig in 1880. Notice, by publication, as a basis for the exercise of jurisdiction over a non-resident, is at best, a poor substitute for direct notice. It is resorted to of necessity, however; and I conceive it to be justified only by the possibility that it may reach the defendant through the channel of friends and acquaintances who may recognize the reference and description, if the defendant does not see it. It is without any justification and fails of its office if it contains statements which are misinforming and likely to mislead the defendant or others who might ordinarily convey the information. Indeed, the courts must, I think, insist that the best information reasonably possible must be given.

The misstatement in this notice may not have misled Charlotte Hopp or her acquaintances, if they had seen it; and, yet again, it may have kept possible informers off the trail. She was entitled to a better notice. And I have concluded that the decree founded on this one must be held void.

Being a denial of all jurisdiction of the court in the divorce proceedings, I think it clear that the objection may be made in this, a collateral proceeding.

Long vs. Long, 62 Md. 62.

The exceptions will be sustained.